# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOE G. ENTERPRISES, LLC., | Civil Action No. 10 - 1538 |
| Plaintiff, | |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| GABRIEL FONTANA, MATTHEW L. KURZWEG, d/b/a Kurzweg Law Offices and BAR 1713, LLC, | ECF Nos. 2 & 9 |
| Defendants. | |

## OPINION

LENIHAN, Chief Magistrate Judge

Currently pending before the Court is Plaintiff's Motion for Remand and Assessment of Costs (ECF No. 2), and a Motion to Consolidate Two Civil Actions (ECF No. 9) filed by Defendants Gabriel Fontana and Bar 1713, LLC ("Bar 1713 Defendants"). For the reasons set forth below, the Court will Grant Plaintiff's Motion for Remand and Assessment of Costs, and deny the Bar 1713 Defendants' Motion to Consolidate as moot.

## I. PROCEDURAL HISTORY

Plaintiff, Moe G. Enterprises, LLC ("Moe") instituted this civil action against Defendants by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, on May 26, 2010. The Complaint asserts only state law claims against the Defendants, contained in 5 counts—Count I (Equitable Relief for the production of corporate records) against Kurzweg; Count II (Equitable Relief for the production of corporate records) against Kurzweg and Fontana; Count III (Conversion) against Fontana; Count IV (Conversion) against Bar 1713; and

Count V (Equitable Relief enjoining interference with Moe's contractual relationships) against Fontana. (Compl., ECF No. 1-2). These state law claims arise out of and/or relate to the business and operation of a bar/nightclub located in the City of Pittsburgh. The Complaint further alleges that at all relevant times, the parties either resided in, or were organized under the laws of and conducted business in Pennsylvania.[1] (Compl., ¶¶1-5.)

After a delay in responding to the Complaint, the Bar 1713 Defendants filed several preliminary objections to the Complaint which, with one exception,[2] were overruled on September 15, 2010.[3] The Bar 1713 Defendants eventually filed an Answer, New Matter and Counterclaim on October 18, 2010.[4] (Ex. 4 to Notice of Removal, ECF No. 1-5.) The Counterclaim asserted a state law claim for defamation, as well as a federal claim for the alleged violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030 *et seq.* ("CFAA").

On November 18, 2010, the Bar 1713 Defendants filed a Notice of Removal and the case was removed to this federal court and randomly assigned to the undersigned. In the Notice of Removal, the Bar 1713 Defendants expressly state that a lack of diversity exists among the parties to this action and the Complaint fails to set forth any claims arising under the laws of the United States. (Notice of Removal, ¶2.) Nonetheless, the Bar 1713 Defendants assert that with

---

[1] In their Notice of Removal, the Bar 1713 Defendants state that diversity jurisdiction does not exist here. (Notice of Removal, ¶ 2, ECF No. 1.) Thus, although the Court's diversity jurisdiction has not been invoked here, the Court wishes to point out that for purposes of determining diversity jurisdiction, courts must look to the place of domicile of the *members* of a limited liability company. *Zambelli Fireworks Mfg. Co., Inc. v. Wood,* 592 F.3d 412, 418 (3d Cir. 2010).

[2] The common pleas court sustained the preliminary objections only with regard to the Bar 1713 Defendants' request to strike the first sentence of paragraph 13 of the Complaint as scandalous and impertinent. (Ex. 3 to Notice of Removal, ECF No. 1-4.)

[3] It appears that Defendant Matthew L. Kurzweg d/b/a/ Kurzweg Law Offices ("Kurzweg") has not yet filed an answer to the Complaint, nor has any counsel entered an appearance on Defendant Kurzweg's behalf.

[4] Inexplicably, despite the date and time stamp by the court of common pleas indicating the Answer, New Matter and Counterclaim was filed on October 18, 2010, the Bar 1713 Defendants state in their Notice of Removal that they filed their Answer, New Matter and Counterclaim on October 15, 2010. (Notice of Removal, ¶3.) By pleading the earlier date, that makes the Notice of Removal four days late instead of one day late.

the addition of the CFAA claim in their Counterclaim, this action became removable from the court of common pleas to this United States District Court pursuant to 28 U.S.C. §§ 1331 and 1441(a). (Notice of Removal, ¶4.) Finally, the Bar 1713 Defendants submit that their Notice of Removal is timely because it is being filed within thirty days of the filing of their Answer, New Matter, and Counterclaim. (Notice of Removal, ¶6.)

Subsequently, on November 23, 2010, Plaintiff filed a motion for remand on two grounds: (1) this Court lacked original subject matter jurisdiction, and therefore, the removal of this case to federal court by the Bar 1713 Defendants was clearly improper; and (2) the filing of the Notice of Removal was untimely, and therefore, defective. Plaintiff also contends that an award of costs, expenses and fees is warranted here for the reason that the Bar 1713 Defendants could not have held an objectively reasonable basis for removal. On December 14, 2010, the Bar 1713 Defendants' response was two-fold: (1) a brief in opposition arguing that pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over this case as it arises from the same nucleus of facts as another federal action currently pending before this court, *Gabriel Fontana and Bar 1713, LLC v. William P. Corry,* docketed at Civil Action number 10-1685, which asserts a claim under the CFAA (the "CFAA action"); and (2) a motion to consolidate this case with the newly filed CFAA action.[5] Thereafter, on December 20, 2010, Plaintiff filed a reply in support of its motion for remand and assessment of costs, and a memorandum in opposition to the Bar 1713 Defendants' motion to consolidate.

As both motions have been fully briefed, they are now ripe for disposition.

---

[5] The Bar 1713 Defendants contend that they filed the CFAA action in this District Court on December 14, 2010, but the docket reflects that it was not actually filed until December 16, 2010. *See* Docket at Civ. A. No. 10-1685.

## II. LEGAL STANDARD – REMOVAL & MOTION TO REMAND

Section 1441 of Title 28, United States Code, governs the removal of a case to federal court. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)); *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005). Where a motion for remand is filed, the defendant has the burden of proving that removal was proper. *Sikirica,* 416 F.3d at 219 (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004)).

The time for removal is governed by Section 1446(b), which provides, in essence, that the notice of removal shall be filed within thirty days after receipt by the defendant of a copy of the initial pleading,[6] unless the case stated by the initial pleading is not removable. 28 U.S.C. § 1446(b). In the latter situation, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" *Id.*

---

[6] Relying on the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999), the Court of Appeals for the Third Circuit has held that the term "initial pleading" as contained in both the first and second paragraphs of Section 1446(b), refers to the complaint. *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 223 (3d Cir. 2005).

**III. DISCUSSION**

    **A.**     <u>**Motion for Remand and Motion to Consolidate**</u>

In removal cases, the existence of federal court jurisdiction is usually determined under the well-pleaded complaint rule, which provides that federal question jurisdiction is established when the face of a properly pleaded complaint asserts a federal question. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112-13 (1936)). The well-pleaded complaint rule "makes the plaintiff the 'master of the claim,' meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law." *Scott v. Sysco Food Serv. of Metro N.Y., L.L.C.,* Civ. A. No. 07-3656 (SRC), 2007 WL 3170121, *2 (D.N.J. Oct. 26, 2007)(citing *Caterpillar,* 482 U.S. at 392 (other citation omitted)). "Under the well-pleaded complaint rule, there can be no removal on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiff's case." *In re Community Bank of N. Va.,* 418 F.3d 277, 293 (3d Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 10-12 (1983); *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149 (1908)). Moreover, the United States Supreme Court has made clear that for purposes of determining removal jurisdiction under the "well-pleaded complaint rule," federal jurisdiction is determined without any reference to federal claims raised in counterclaims.[7] *Holmes Group, Inc. v. Vornado Air*

---

[7] An independent corollary to the well-pleaded complaint rule is the complete preemption doctrine. *In re Community Bank*, 418 F.3d at 293-94 (citing *Caterpillar,* 482 U.S. at 393). As the Supreme Court explained in *Caterpillar*:
> On occasion, the Court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. . . . Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002) (citations omitted). In so holding, the Supreme Court explained:

> Admittedly, our prior cases have only required us to address whether a federal defense, rather than a federal counterclaim, can establish "arising under" jurisdiction. Nevertheless, those cases were decided on the principle that federal jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (emphasis added). As we said in *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913), whether a case arises under federal patent law "cannot depend upon the answer." Moreover, we have declined to adopt proposals that "the answer as well as the complaint ... be consulted before a determination [is] made whether the case 'ar[ises] under' federal law ... ." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 10-11, n. 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citing American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts § 1312, pp. 188-194 (1969)). It follows that a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for "arising under" jurisdiction. See, *e.g.*, *In re Adams*, 809 F.2d 1187, 1188, n. 1 (C.A.5 1987); *FDIC v. Elefant*, 790 F.2d 661, 667 (C.A.7 1986); *Takeda v. Northwestern National Life Ins. Co.*, 765 F.2d 815, 822 (C.A.9 1985); 14B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3722, pp. 402-414 (3d ed.1998).
>
> Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, ... to have the cause heard in state court." *Caterpillar Inc., supra*, at 398-399, 107 S.Ct. 2425. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second,

---

*Caterpillar*, 482 U.S. at 393 (internal quotations and citations omitted); *In re Community Bank,* 418 F.3d at 294 (quoting *Caterpillar, supra*) (other citations omitted). It is clear from the Bar 1713 Defendants' submissions that they are not claiming that the CFAA completely preempts the state law claims asserted in the Complaint.

> conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require. See *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts. See *Franchise Tax Bd., supra*, at 11, 103 S.Ct. 2841.
>
> For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint- or-counterclaim rule" urged by respondent.

*Id.* at 831-32.

In the instant matter, the Bar 1713 Defendants concede that diversity of citizenship does not exist and that a federal question is not stated on the face of the complaint. (Notice of Removal, ¶2.) Instead, they base federal question jurisdiction upon a federal claim under the CFAA raised in their counterclaim. However, as the Supreme Court's decision in *Holmes Group* makes clear, removal jurisdiction cannot be based on a federal claim asserted in a counterclaim. Accordingly, this Court lacks original subject matter jurisdiction over this case.

The Bar 1713 Defendants attempt to circumvent the well-pleaded complaint rule by filing a separate lawsuit on December 16, 2010, raising a federal claim under the CFAA, and then moving to consolidate the two actions. According to the Bar 1713 Defendants, since the two actions are so closely related, the Court's supplemental jurisdiction provides an independent basis for removing the present action from state court. The Bar 1713 Defendants do not, however, cite any authority (other than §1367) in support of this position. Unfortunately for the Bar 1713 Defendants, they have put the proverbial cart before the horse.

Under 28 U.S.C. §1367(a), a federal court may, *in its discretion*, exercise supplemental jurisdiction over state law *claims* that are so related to the claims over which the federal court has original jurisdiction. However, those state law *claims* must be contained *in the same action* as the federal claim. 28 U.S.C. §1367(a) ("the district courts shall have supplemental jurisdiction over all other *claims* that are so related to *claims* in the *action* within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (emphasis added)); *see also In Re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D.Pa. 1995) (noting that §1367(a) distinguishes between actions and claims); Charles A. Wright *et al.*, 14B *Federal Practice & Procedure Juris.* §3722 (4th ed.). It is well established that supplemental jurisdiction over state law claims does not provide an independent basis for removal jurisdiction. *Ditullio v. Universal Underwriters Ins. Co.,* Civ. A. No. 03-0239, 2003 WL 21973324, *5 (E.D.Pa. June 6, 2003) (citing *Henson v. Ciba-Geigy Corp.,* 261 F.3d 1065, 1068 n. 3 (11th Cir. 2001); *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 456 (6th Cir. 1996); *Estate of Tabas,* 879 F.Supp. at 467; Charles A. Wright, *et al., Federal Practice & Procedure* §3722, at 385 (3d ed. 1998 & Supp. 2003)).

In *In Re Estate of Tabas,* our sister court in the Eastern District of Pennsylvania has directly addressed a circumvention of the federal jurisdictional requirements such as that proposed by the Bar 1713 Defendants here:

> [The removing party] next argues that we may consolidate the [state court action] with the RICO claim because the similarity of claims, parties, and transactions bring the [state court action] within the supplemental jurisdiction of this Court. This argument has the inquiry backwards.
>
> As we held in *Chase v. Auerbach*, No. 94-5892, 1994 WL 590588 (E.D.Pa. October 26, 1994), the supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action

> to federal court for consolidation with a related federal action. Although such an approach would have the benefits of efficiency, it runs aground on a close reading of the statute, which states:
>
>> *[I]n any civil action of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....
>
> 28 U.S.C. § 1367(a). On its face the statute distinguishes between actions and claims. Section 1367 allows plaintiffs to bring federal claims in federal court even though combined with state-law claims that would not otherwise be within a federal court's jurisdiction. The statute is not, however, an independent source of removal jurisdiction. To remove the [action] from state court to federal court, [the removing party] must first find a federal claim in the [initial pleading] itself (which we have concluded is not present). An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action.

879 F.Supp. 464, 467 (E.D.Pa. 1995) (emphasis in original) (footnote omitted).[8] Similarly here, the Complaint filed in state court and removed to this Court does not contain any federal claim. Consequently, the CFAA action instituted in federal court cannot provide a basis for removal of the non-removable state court action.[9]

In support of its motion for remand, Moe further contends that the Bar 1713 Defendants' removal of this case to federal court is defective because it was not filed in a timely manner. The Court agrees with Moe that the Notice of Removal is untimely. Assuming, for the sake of

---

[8] In *Tabas*, the initial pleading filed in Pennsylvania Orphans' Court was a Petition for a show cause order as to why the managing partner of a family business should not be removed and a receiver appointed in his place.

[9] The Bar 1713 Defendants also submit that the motion to remand should be denied based on considerations of judicial economy and avoidance of duplicative proceedings and rulings. The fallacy of this argument is that it presumes the Court can and will exercise supplemental jurisdiction over the state law claims in the case at bar. As explained above, however, §1367(a) does not provide an independent basis for removal jurisdiction, and this Court does not have original subject matter jurisdiction over this case. As such, the Court does not even reach consideration of issues of judicial economy and avoidance of duplicative proceedings.

argument, the Bar 1713 Defendants' counterclaim could provide the basis for removal jurisdiction, it was filed, at the earliest, thirty-one (31) days and, at the latest, thirty-four (34) days, after "receipt"[10] of the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. §1446(b). In either event, the removal petition was untimely, having been filed more than thirty (30) days after first ascertaining that the case is one which became removable. "As with all of the statutory prerequisites for federal courts' exercise of removal jurisdiction, the time limitations of section 1446(b) must be strictly observed, and the burden of establishing the timeliness of a removal petition is on the removing party." *Silverman v. China Nat'l Native Produce & Animal By-Prods. Import & Export Corp.,* Civ. A. No. 06-1710, 2007 WL 518605, *4 (W.D.Pa. Feb. 12, 2007)(citing *Adelphia Fire Prot., Inc. v. Egner*, Civ. A. No. 3:06cv185, 2006 WL 1751780, at *3 (M.D.Pa. June 22, 2006)(thirty day limitation contained in §1446(b) is mandatory and court had no discretion to extend it)(citations omitted); *Collins v. American Red Cross*, 724 F.Supp. 353, 359 (E.D.Pa.1989)(same)(citations omitted)). Here the Bar 1713 Defendants have not come forward with any argument or authority to meet their burden of proving the timeliness of the removal petition.

Therefore, because this Court lacks original subject matter jurisdiction over this case, and the removal petition is untimely, the Court will grant Plaintiff's motion for remand. Moreover,

---

[10] Here, technically, there was no "receipt" by the Bar 1713 Defendants of an amended pleading, motion, order or other paper from which they could first ascertain that the case was one which became removable because the Bar 1713 Defendants created the document that allegedly gave rise to federal question jurisdiction—their counterclaim. Following along with the Bar 1713 Defendants' illogical argument, they would have first ascertained the case was removable when they filed their counterclaim which, according to the Notice of Removal, was October 15, 2010. However, the date and time stamp on their counterclaim, affixed by the court of common pleas, indicates it was filed on October 18, 2010.

inasmuch as this case will be remanded to the court of common pleas, the Bar 1713 Defendants' motion to consolidate the instant case with the CFAA action docketed at 10-cv-1685 is moot.

### B. Assessment of Costs

Plaintiff has asked the Court to assess Plaintiff's costs and fees in moving for remand of this case to state court. In support of its request, Moe asserts that the Bar 1713 Defendants lacked an objectively reasonable basis for removal. The Bar 1713 Defendants have failed to respond directly to Plaintiff's request for costs and fees. The Court finds that Moe is entitled to an award of fees and costs associated with its motion to remand and opposition to the Bar 1713 Defendants' motion to consolidate.

Section 1447(c) vests the courts with broad discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" where remand is ordered. 28 U.S.C. § 1447(c); *Mint v. Educ. Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir. 1996) (citations omitted). The standard for awarding costs and fees when remand is ordered is the existence of an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). As the Supreme Court explained in *Martin*:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. In light of these " 'large objectives,' " the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

> Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* at 140-41 (internal citations omitted).

Courts have held that under circumstances similar to those present in the case at bar, the removing party lacked an objectively reasonable basis for removing a case to federal court. *E.g., Massad v. Greaves,* 554 F.Supp. 2d 163, 167 (D.Conn. 2008) (where removal was untimely and lacked any legal basis, such as where removal jurisdiction is predicated on counterclaim containing a claim arising under a federal statute (Fair Debt Collection Practices Act), the removing party lacks an objectively reasonable basis for removal); *Fosnocht v. Demko,* 438 F.Supp. 2d 561, 565 (E.D.Pa. 2006) (holding removal based on federal claim (under Fair Debt Collection Practices Act) raised in counterclaim was patently unsupportable and party seeking remand was entitled to attorney fees and costs incurred as a result of the removal); *Williamsburg Plantation, Inc. v. Bluegreen Corp.,* Civ. A. No. 4:06cv102, 2007 WL 445289, at *3 (E.D.Va. Feb. 5, 2007) (removal based on FLSA claim asserted in counterclaim did not provide objectively reasonable basis for removal). *See also Mints,* 99 F.3d at 1261 (holding district court did not abuse its discretion in ordering removing party to pay plaintiff's attorneys fees and costs with respect to motion for remand and reconsideration where assertion in removal petition that district court had jurisdiction was, if not frivolous, at best insubstantial). In awarding costs and fees under §1447(c) when ordering remand, it is not necessary for the court to find that the

removing party acted dilatorily or in bad faith. *Fosnocht,* 438 F.Supp. 2d at 565 & n. 18 (citing *Mints,* 99 F.3d at 1260-61).

In the case at bar, the Court finds the Bar 1713 Defendants lacked an objectively reasonable basis for removing this case to federal court. The stated basis in the Notice of Removal for removing this case to federal court was the CFAA claim asserted in the Bar 1713 Defendants' counterclaim. Substantial authority, including Supreme Court precedent, exists which makes clear that removal jurisdiction cannot be predicated upon a federal claim asserted in a counterclaim. The Notice of Removal was also untimely, and the Bar 1713 Defendants failed to offer any evidence or argument to satisfy their burden of showing that the Notice of Removal was timely filed. In addition, the Bar 1713 Defendants' reliance on §1367(a) to cure the lack of subject matter jurisdiction is both unsupported by any authority and untimely. The Bar 1713 Defendants failed to city any authority other than §1367(a) in support of their position that §1367 provides an independent basis for removal jurisdiction. Also, the Bar 1713 Defendants' assertion of supplemental jurisdiction was not presented as a basis for removal jurisdiction in their Notice of Removal, but rather, was presented for the first time in their brief in opposition to Plaintiff's motion for remand. Nor could it have been presented in the Notice of Removal as the CFAA action had not been instituted in federal court until almost a month after the Notice of Removal was filed.

Thus, for all of these reasons, the Court finds that the Notice of Removal was completely lacking in any legal basis. As such, it appears that the only reason for removing this case to federal court was to delay litigation of this case and to cause Plaintiff to incur additional costs and fees. Accordingly, an award of fees and costs is warranted here.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that remand is appropriate because the Bar 1713 Defendants have failed to satisfy their burden of establishing this Court's original subject matter jurisdiction over this case, and that the Notice of Removal was timely filed. The Court further finds that an objectively reasonable basis did not exist for the Bar 1713 Defendants' removal of this case to federal court, and thus, an award costs and/or fees under Section 1447(c) is appropriate. An appropriate order will follow.


Dated: January 12, 2011				BY THE COURT:

						_____
						LISA PUPO LENIHAN
						Chief United States Magistrate Judge

cc:	All Counsel of Record
	*Via Electronic Mail*